OF

## THE STATE OF IOWA

AT

DES MOINES, OCTOBER TERM, A. D., 1901,

AND IN THE FIFTY-FIFTH YEAR OF THE STATE

---

In the Matter of the Estate of C. D. Lester, Deceased. George W. Johnson, Administrator, Carrie A. Webb et al., Objectors and Appellants, v. George W. Johnson et al.

Wills: CONSTRUCTION: *Declaration of testator.* Parol evidence of contemporaneous declaration of a testator as to the persons whom he intended to designate in his will is not admissible to explain the term "heir," as used by him.

*Appeal from Page District Court.*—Hon. A. B. Thornell, Judge.

Saturday, October 19, 1901.

*H. E. Parslow* and *Levant D. Lester* for appellants.

*The figures on the left of the syllabi refer to corresponding figures on the margin of the case at the place where the point of the syllabi is decided.

*T. E. Clark* and *J. E. Hill* for appellees.

McCLAIN, J.—This is an appeal from the action of the lower court in approving the final report of the administrator of the estate of C. D. Lester, deceased, and overruling objections thereto made by some of the persons entitled to distributive shares in said estate. The nature of the controversy among the persons claiming distributive shares is fully explained in *Johnson v. Bodine,* 108 Iowa, 594, which was an action for the partition of real estate among the same claimants. The objection now made is to the distribution to Phœbe J. Flint of a share in the estate. The case as at present presented differs only from that presented on the former appeal relating to the distribution of real property in this: that in the present proceeding parol evidence was offered in the lower court for the purpose of showing the intention with which C. D. Lester used the words "heir at law" in his will; appellant contending that the term "heir" is of uncertain meaning, and may be explained by parol evidence of contemporaneous declarations of testator as to the persons whom he intended to designate. The lower court rightly rejected this evidence. While it may be true that the word "heir" is subject to explanation or qualification, the explaining and qualifying language must be found in the instrument itself. The term "heirs at law," not explained or qualified by other language in the will, has a perfectly definite meaning, which cannot be changed by proof outside of the will itself. No authorities need be cited in support of a proposition which is so well established. We need not go into details as to the effect of this ruling on the rights of the parties. Our conclusion will be found perfectly intelligible in the light of what was said on the former appeal. The ruling of the lower court was correct.—AFFIRMED.