## CONSTRUCTION OF A WILL.

Circuit Court of Wood County.

FRANK WHITE, AS ADMINISTRATOR WITH THE WILL ANNEXED OF
THE ESTATE OF HENRY RUDOLPH WHITE, DECEASED,
v. JOHN WHITE ET AL.*

Decided, October 28, 1911.

*Wills—Determination as to the Amount the Widow of a Deceased Son
Should Receive—Where the Son Died Before the Testator.*

Under the provisions of the will construed in this case, the widow of
the deceased son is held to be entitled to receive the share which
would have gone to the said son had he survived the testator, less
the amount specially provided to be paid by her in the codicil ap-
pended to the will after the death of said son.

*Rheinfrank & Ohlinger* and *Edward Beverstock,* for plaintiff.
*Edgar H. Johnson* and *Jos. W. Lane,* contra.

RICHARDS, J.; WILDMAN, J., and KINKADE, J., concur.

Appeal from the Court of Common Pleas.

This is an action brought for the purpose of obtaining a con-
struction of the will of Henry Rudolph White, deceased. The
will was executed on July 23d, 1894, on which date the testator
had five children then living. The will, after making various
preliminary dispositions of property, contains the following
clause:

"The remainder of my estate, real and personal, shall be
divided equally between my children or their heirs share and
share alike."

One of the children of the testator by the name of Henry
White died intestate on June 3d, 1895, without issue, but leaving
surviving him a widow, Rose White. On December 21, 1895,
the testator, Henry Rudolph White, executed a codicil to his
will, which codicil contains the following language:

---

*Affirmed without opinion, *White* v. *White,* 88 Ohio State, —.

"The sum of $88 lawful money of the U. S. bearing interest at 6% from the first day of July, 1895, till paid shall be paid to my daughter Carolina White, her heirs or assigns, out from the share of the inheritance of my son Henry White, deceased. The residue of said share shall be the only bequest to the heirs or assigns of said Henry White."

*Held*: That under the terms and provisions of the will and codicil, the widow, Rose White, is entitled to receive the share which would have gone to her husband, Henry White, if he had survived the testator, less the sum of $88 and interest thereon as provided in the codicil.

This construction of the will is not changed by the extrinsic evidence offered. So much of that evidence as tends to show the situation, circumstances and condition of the testator and the natural objects of his bounty, is competent, the remaining portion of it we hold to be incompetent, and we cite the following cases: *In re Lester's Estate*, 115 La., 1; *Lincoln* v. *Aldrich*, 149 Mass., 368; *Clark* v. *Trustees*, 3 C. C., 152.

A decree may be drawn construing the will in accordance with the views expressed in this opinion.